# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOWARD SINGLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-073-RAW-KEW |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## AMENDED
## REPORT AND RECOMMENDATION

Plaintiff Howard Singleton (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

This Amended Report and Recommendation is entered to correct a scrivner's error whereby a portion of a Report from another case was included in this Report while another section was omitted. This Amended Report and Recommendation is intended to replace the Report entered in this case on March 14, 2016.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that

2

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

---

the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

**Claimant's Background**

Claimant was born on July 5, 1964 and was 49 years old at the time of the ALJ's latest decision. Claimant completed his education through the tenth grade. He attended Ardmore Truck Driving School and graduated with a commercial driver's license. Claimant has worked in the past as a night stocker, trucker, and cement truck driver. Claimant alleged an inability to work beginning June 1, 2009, as amended at the hearing, due to limitations resulting from degenerative disc disease, depression, emphysema, osteoarthritis, and osteoporosis.

**Procedural History**

On June 22, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on May 5, 2010. After the Appeals Council denied review, Claimant appealed to the United States District Court for the Western District of Oklahoma. By order entered June 19, 2012, Judge Stephen Friot reversed and remanded the case for further administrative proceedings.

On June 5, 2013, ALJ Douglas S. Stults conducted a further administrative hearing in Oklahoma City, Oklahoma. On January 31, 2014, the ALJ issued a partially favorable decision. On December 23, 2014, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform sedentary work with limitations. He also found Claimant became disabled on January 1, 2014 since Claimant's age category changed.

### Error Alleged for Review

Claimant asserts that the ALJ committed error in (1) reaching a flawed RFC (and the numerous sub-issues identified under this broad umbrella); (2) failing to perform a proper credibility analysis; and (3) failing to properly develop the record.

### RFC Determination

In his decision, the ALJ determined Claimant suffered from the severe impairments of disorders of the lumbar spine; discogenic and degenerative, status post June 2007 fusion at L4-5; emphysema; major depressive disorder, severe, without psychotic features;

5

alcohol dependence; and cannabis abuse. (Tr. 602). The ALJ concluded that Claimant retained the RFC to perform sedentary work except that he can only occasionally climb ramps and stairs, balance, and stoop; never kneel, crouch, crawl, and climb ropes, ladders, or scaffolds. Claimant was also to have no exposure to irritants, such as dusts, fumes, smoke, gases, and poor ventilation; must avoid exposure to temperatures of 80 degrees or more and 60 degrees or less; have no exposure to high humidity and wetness; have no exposure to workplace hazards, such as dangerous moving machinery and unprotected heights; and must avoid concentration exposure to vibration. The ALJ limited Claimant to understanding, remembering, and carrying out simple, repetitive, routine instructions; making only simple work related decisions; deal only with occasional changes in work processes and environment; have no contact with the general public; have only incidental, superficial work related type contact with co-workers and supervisors, i.e., brief, succinct, cursory communication relevant to the task being performed; and must avoid any fast pace, production pace, assembly line pace type work. (Tr. 604).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of lens inserter, addressing clerk, and circuit board inspector. (Tr. 610). As a

6

result, the ALJ found Claimant was not disabled at any time through December 31, 2012, which was the date last insured. He did conclude, however, that after January 1, 2014, Claimant's age category changed and no jobs existed in significant numbers in the national economy that Claimant could perform. Id.

Claimant first contends the ALJ's RFC restrictions provided to the vocational expert do not match the RFC contained in his written decision. Specifically, Claimant asserts the ALJ limited Claimant to "no more than occasional exposure to irritants" in his questioning but restricted Claimant to "no exposure" to irritants in his written RFC. (Tr. 604, 663). Claimant ignores the fact the ALJ later in his questioning restricted Claimant to no exposure to irritants but the vocational expert testified such a restriction would have "no impact" on Claimant's ability to perform the designated representative jobs. (Tr. 665). No error is attributed to the questioning or the RFC formulation on exposure to irritants.

With little reference to the record or to medical authority, Claimant next asserts the ALJ should have included an accommodation in the RFC assessment for Claimant's breathing problems arising from his emphysema. Claimant does not cite to any reference in the medical record which indicates a functional limitation on Claimant's overall breathing. Instead, counsel poses unsupported

7

hypothetical situations of his own such as having "a bad day due to the extreme Oklahoma weather swings from a brutal cold February to 105 degree August afternoons. . . ." As Defendant points out, Claimant is apparently seeking to incorporate further subjective complaints in his RFC which the ALJ rejected as not credible. Claimant's credibility assessment will be discussed as a separate issue. Again, no error is found in the ALJ's RFC assessment and the lack of further restrictions.

As the third sub-issue in the RFC review, Claimant challenges the use of the vocational expert's testimony as substantial evidence to support the ALJ's decision. Claimant again asserts that the ALJ adopted the least restrictive hypothetical and that additional limitations on Claimant's breathing should have been included in the questioning. The medical records do not support such further restrictions. Claimant refers to a record which ostensibly indicates he "has such severe COPD/emphysema he is too breathless to leave the house" referring to Tr. 347. The record to which Claimant refers actually states that Claimant is released to return to work and that he needs to quit smoking. (Tr. 347). The remaining references are subjective statements by Claimant concerning the level of his restriction - statements found not credible by the ALJ. "Testimony elicited by hypothetical questions

that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). The ALJ properly and accurately formulated his hypothetical questions to the vocational expert and properly relied upon the testimony he received.

Claimant also contends the ALJ failed to include mental work-related limitations in his RFC assessment. Claimant contends the ALJ failed to discuss his mental impairments at Finding 6 within the ALJ's decision. (Tr. 604). While not entirely clear from the argument, Claimant appears to assert that the ALJ did not discuss the opinion evidence and supporting medical evidence for his RFC determination. The ALJ included a detailed recitation in his factual findings which relates to his RFC assessment in Finding 6. This Court finds no error in the manner in which the supporting evidence is referenced.

Claimant next states the ALJ erred in his RFC assessment by failing to "conduct a function-by-function assessment of Mr. Singleton's impairments or address the maximum amount of each work-related activity he could perform" by considering the seven strength demands. A cursory reading of the ALJ's decision would have revealed to Claimant that the ALJ made such an assessment by

9

limiting Claimant to sedentary work which he defined in a footnote to the decision. He then imposed additional limitations based upon the individualized functional restrictions brought out in the medical evidence. (Tr. 604-05).

Claimant also takes issue with the use of the term "simple, routine, repetitive, and unskilled tasks", contending the use of unskilled is violative of the Ruling requiring that capacity must be expressed in work-related terms rather than skill terms. Soc. Sec. R. 96-8p. The ALJ's limitations were described in considerable detail in limiting Claimant to

> understand, remember, and carry out simple, repetitive, routine instructions; make only simple work related decisions; deal with only occasional changes in work processes and environment; have not contact with the general public; have only incidental, superficial work related type contact with co-workers and supervisors, i.e., brief, succinct, cursory communication relevant to the task being performed; and must avoid any fast pace, production pace, assembly line pace type work.

(Tr. 604).

This description is not limited to merely Claimant's skill level. Claimant's argument to the contrary is found lacking.

Claimant also contends the narrative used by an expert on a report form is completed incorrectly and not in accordance with the Social Security Administration's Program Operations Manual Systems. Claimant specifically refers to Tr. 326-28 and in another section

10

of the brief Tr. 322. These references consist of medical records from the Midwest City Regional Medical Center and OU Family Medical Center and not an expert's narrative. It is not this Court's obligation to ferret out the correct references to the record for Claimant on appeal.

### Credibility Determination

Claimant first indicates the ALJ improperly found that his treating orthopedic surgeon noted that Claimant's return of ongoing back and leg pain appeared to relate to his Social Security claim. (Tr. 607). While Claimant calls this recitation "preposterous" for suggesting that his pain and filing of a claim were related, the fact remains that the physician stated Claimant was slowly improving, filed for Social Security disability and then suffered exacerbation of his pain. (Tr. 497). It is unclear why the surgeon mentioned Claimant's Social Security disability filing if not to suggest that there was a connection between the filing and exacerbation of pain. Nevertheless, the ALJ's interpretation of the comment was reasonable as a part of the credibility assessment.

Claimant also states the ALJ improperly states that Claimant's assertion that he constantly uses a wheelchair is not supported when he reported to a physician that he had "[n]o problems other than a little back pain." (Tr. 853). Claimant may not appreciate

11

the implication that he is exaggerating the level of his pain but the record is accurately represented by the ALJ.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ found Claimant's assertions less than credible by noting several inconsistencies between his actions and his statements. (Tr. 606-07). These inconsistencies are well-supported in the medical record and do not represent error.

### Duty to Develop the Record

Claimant asserts the ALJ should have inquired of him as to whether he was prescribed the use of a wheelchair long term. Additionally, Claimant contends the ALJ should have contacted a medical source to ascertain whether it should be prescribed.

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ

13

bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

In this case, the ALJ noted that Claimant's pulmonary specialist did not note the need for a wheelchair in certifying an application for Claimant to receive a "temporary placard" for handicapped parking. He only found Claimant "cannot walk 200 feet without stopping to rest." (Tr. 963). Indeed, Claimant does not refer this Court to any reference in the medical record to indicate Claimant was prescribed the use of a wheelchair. Claimant's testimony to the contrary does not trigger the ALJ's duty to investigate Claimant's assertions. Claimant should have come forward with evidence to prove up the nature and extent of his

14

disability.

## The Special Technique

Claimant contends the ALJ failed to properly proceed through the special technique evaluation under 20 C.F.R. §§ 404.1520a and 416.920a in analyzing his mental impairments. The ALJ is required to follow the procedure for determining mental impairments provided by regulation. 20 C.F.R. §§ 404.1520a, 416.920a; *See*, Listing of Impairments. The procedure must be followed for the evaluation to be considered valid. Andrade v. Sec. of Health & Human Services, 985 F.2d 1045, 1048 (10th Cir. 1993). The ALJ must first determine whether there are medical findings of mental impairment especially relevant to the ability to work found in Part A of the Listing of Impairments. 20 C.F.R. §§ 404.1520a(b)(2), 416.920a(b)(2).

Additionally, Claimant must show he satisfies two of the following required restrictions: (1) marked restriction in activities of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00C, 12.04. The ALJ must then either evaluate the degree of functional loss resulting from the impairment, using the Part B criteria, or examine the special

15

criteria set forth in the listings for evaluating the severity of particular impairments.

While the ALJ's analysis under this criteria is far from extensive, it is sufficient to withstand this Court's scrutiny. The ALJ proceeded through the Part A and B criteria, concluding Claimant had mild restrictions of activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or pace and had no repeated episode of decompensation of extended duration. (Tr. 604). He incorporated his findings in the RFC assessment found in Finding 6 of the decision. Id. Claimant contends that "there is no other discussion of Mr. Singleton's mental impairments in Finding 6." However, his decision discusses the ALJ's review of Claimant's mental health records. (Tr. 606-07). This Court finds no error in the ALJ's application of the special technique.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and

Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 28th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE